IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff*, | : Case No. 1:23-cr-117 |
| vs. | : Judge Jeffery P. Hopkins |
| JOSEPH HARRIS, | : |
| *Defendant.* | : |

### ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER

This matter is presently before the Court on Defendant Joseph Harris' Motion for Revocation of the Magistrate Judge's Order of Detention (Doc. 16). For the reasons stated more fully below, Defendant's motion is hereby **DENIED**.

### I. BACKGROUND

Defendant has been charged in a one-count Indictment with possession of a firearm by a prohibited person. *See* Doc. 1. On December 21, 2023, Defendant appeared before the Magistrate Judge for a detention hearing pursuant to 18 U.S.C. § 3142(f). At the close of that hearing, the Magistrate Judge found that Defendant satisfied the requirements for pretrial detention under 18 U.S.C. § 3142(e), and ordered that Defendant be detained pending trial. *See* Doc. 13. Defendant now asks the Court to release him on bond pending trial.

### II. LAW & ANALYSIS

Magistrate judges have the authority to decide whether a defendant should be detained or released pending trial. *See* 18 U.S.C. § 3141, 3142. When a magistrate judge orders a defendant detained pending trial under § 3142(e) as a flight risk or danger to the community

and the defendant challenges that order before the district court, the "district court reviews [the] magistrate judge's decision *de novo*." *United States v. Parish*, No. 1:21-cr-127-14, 2022 WL 3654892, at *2 (S.D. Ohio Aug. 25, 2022) (quoting *United States v. Rainey*, No. 20-cr-10005-1, 2020 U.S. Dist. LEXIS 89617, at *4 (W.D. Tenn. May 21, 2020)); *see also United States v. Watkins*, No. 13–02, 2013 WL 614252, at *3 (E.D. Ky. Feb. 19, 2013) (noting that while the Sixth Circuit has not directly addressed this issue, the appellate court has observed that "most district courts in the Sixth Circuit have applied the *de novo* standard of review").

There are four factors that the district court must consider in deciding whether the government has proven that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3141(e)(1); *Stone*, 608 F.3d at 946. Those factors include: (1) the nature and circumstances of the offense charged, including whether the offense involves a firearm; (2) the weight of the evidence of risk of flight or dangerousness; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Stone*, 608 F.3d at 948 (explaining that the second factor "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt").

### A. Nature and Circumstances of the Offense

The nature and circumstances of the offense charged weigh heavily in favor of pretrial detention. Not only does the Government allege that Defendant possessed a firearm as a prohibited person, but also that Defendant discharged the firearm in a dangerous or threatening manner. Specifically, Defendant is alleged to have engaged in a shootout, during the middle of the day, near a housing complex playground. Gov. Ex. 1, Doc. 12, PageID 21–

22.[1] The shootout was captured by video surveillance. The Government alleges that Defendant discharged a Glock firearm, ultimately striking a victim during the shootout. Doc. 18, PageID 33–34. He then allegedly attempted to flee the area and conceal the weapon used. *Id.* at PageID 33. Law enforcement recovered Defendant's hat and a Glock firearm near the scene, and found that Defendant's DNA was on both items. *Id.* As the Magistrate Judge aptly noted, Defendant's behavior "shows a blatant disregard for the safety of children and others who may be present." Doc. 13, PageID 23. Additionally, if convicted of the offense charged, Defendant could face up to fifteen (15) years in prison. *See* 18 U.S.C. § 922(g)(1). Accordingly, the nature and circumstances of the offense weigh in favor of detention in this case.

### B. Weight of Evidence of Dangerousness and Risk of Flight

Under the second § 3142(g) factor, the Court considers the weight of the evidence against Defendant. As explained by the Sixth Circuit, this factor "deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community." *Stone*, 608 F.3d at 948 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). Importantly, this factor "goes to the weight of the evidence of dangerousness, not the weight of the evidence of defendant's guilt." *Id.* And here, the weight of the evidence against Defendant is strong.

The Government has presented evidence that Defendant not only possessed a firearm as a prohibited person, but that he also discharged that firearm during a shootout in a public area. Gov. Ex. 1, Doc. 12, PageID 21–22. This type of behavior indicates that Defendant poses a risk of danger to the community. There is also significant evidence that Defendant

---

[1] The law permits the government to proceed by proffer or hearsay at a detention hearing. *Stone*, 908 F.3d at 948–49; *see also United States v. Webb*, 238 F.3d 426 (table), 2000 WL 1721060, at *2 (6th Cir. 2000). Accordingly, the Court finds that it is proper to consider the evidence proffered at the detention hearing and referred to in the Government's response.

presents a risk of flight. Defendant was previously convicted of attempted escape and is alleged to have attempted to flee from the scene of the shooting in this case. Doc. 11, PageID 16–19. Defendant likewise has prior failures to appear and probation violations.

Taken together, the weight of the evidence of dangerousness and risk of flight weighs in favor of continued detention.

### C. History and Characteristics of the Defendant

Next, the Court looks to Defendant's "history and characteristics," which require the Court to consider Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

While his family ties, particularly his relationships with his long-term girlfriend and two of his children, weigh in Defendant's favor, several other factors do not.[2] Defendant has a lengthy criminal history that includes several prior firearm-related charges and the attempted escape charge for which Defendant was sentenced to three (3) years in prison. Doc. 11, PageID 16–19. He also lacks stable employment. Upon careful consideration of Defendant's history and characteristics and keeping in mind that Defendant is facing a lengthy term of incarceration if convicted, the Court finds that this factor also favors detention.

### D. Nature and Seriousness of Danger Posed to the Community

Having considered the first three factors, the Court now turns to the final § 3142(g) factor and finds that it too weighs in favor of continued detention. Criminal offenses that

---

[2] Defendant reported to his counsel that the mother of four of his children is actively fighting cancer and requires his assistance and support. Doc. 16, PageID 28. However, Defendant reported to Pretrial Services approximately one-month prior that he does not have contact with those children. Doc. 11, PageID 16. This information was verified by Defendant's long-term girlfriend with whom he shares two other children. *Id.*

4

involve firearms support a finding of dangerousness even if there is no evidence of a propensity for violence—although here, there is such evidence. *Stone*, 608 F.3d at 947 n.7. The Court is not persuaded that the conditions proposed by Pretrial Services would reasonably assure Defendant's appearance and mitigate any potential danger to the safety of the community. The final factor too favors detention.

### III. CONCLUSION

Based on the foregoing, the Court finds that there are no conditions or combination of conditions that could reasonably assure Defendant's appearance and the safety of other persons and the community. Accordingly, Defendant's Motion for Revocation of the Magistrate Judge's Order of Detention (Doc. 16) is hereby **DENIED**.

**IT IS SO ORDERED.**

April 3, 2024

*Jeffery P. Hopkins*
Jeffery P. Hopkins
United States District Judge